IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOANNA NICOLE DUCIC                                                                                      PLAINTIFF

v.                                           CIVIL NO. 25-5216

ARKANSAS DEPARTMENT OF HEALTH                                                              DEFENDANTS
AND HUMAN SERVICES, et al

### REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff, JoAnna Nicole Ducic ("Plaintiff"), filed this action alleging claims under 42 U.S.C. § 1983 and other civil rights. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Judge Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 5) under 28 U.S.C. § 1915(e)(2).

### I.     BACKGROUND

Plaintiff filed her original Complaint and Motion to proceed IFP on October 27, 2025. (ECF Nos. 1, 2). After reviewing the Complaint and Motion, the Court entered an Order dated November 4, 2025, directing the Clerk of Court to send Plaintiff a blank Application to proceed IFP (Long Form) and Civil Complaint form. (ECF No. 4). Plaintiff was directed to complete both forms and return them to the Court by November 25, 2025. *Id*.

Plaintiff filed her Amended Complaint and Amended Motion to proceed IFP on November 20, 2025. (ECF Nos. 5-6). The motion to proceed IFP was granted on November 24, 2025. (ECF No. 7). In her Amended Complaint, Plaintiff brings claims under 42 U.S.C. § 1983, 25 U.S.C. § 1901 *et seq*. (Indian Child Welfare Act (ICWA)), and various state laws. Plaintiff seeks, among

other things, the return of her three (3) children to her custody. The Amended Complaint is before the Court for required screening.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "[I]f the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004).

### III. DISCUSSION

Plaintiff's claims appear to have arisen from two separate petitions for emergency custody and dependency-neglect actions brought against Plaintiff styled *Arkansas Department of Human Services v. JoAnna Ducic*, Case No. 72JV-23-650, and *Human Services v. JoAnna Ducic and Mason Farris*, Case No. 72JV-25-488-8, which appears from Plaintiff's Amended Complaint to be currently pending in Washington County Circuit Court.[1] (ECF No. 5, Attachment 2, pp. 24-37, 135-142, 191-191). Without analyzing any particular allegation, the undersigned considers whether this matter is properly lodged in the federal courts.

Generally, federal courts lack jurisdiction over domestic relations matters, such as the issuance of divorce, allowance of alimony, or matters of child custody; this is known as the domestic relations exception to federal jurisdiction and has been recognized for more than 180 years. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (distinguishing a family tort claim from a child custody claim). State courts typically have exclusive jurisdiction over these matters. *Id*. at 703-704.

The Court recognizes that included among Plaintiff's allegations is one that Arkansas violated the ICWA - a federal statute governing state court adoption and foster case proceedings involving Indian children. Arkansas law specifically incorporates the ICWA in its Child-Custody Jurisdiction and Enforcement Chapter, noting that a "child-custody proceeding that pertains to an Indian child as defined in the Indian Child Welfare Act, 25 U.S.C. 1901, *et seq*., is not subject to this chapter to the extent that it is governed by the Indian Child Welfare Act." Ark. Code Ann. §

---

[1]The Court notes that Juvenile Court records are not publicly available; however, a review of publicly held court records indicates that a guardianship hearing is set to be held regarding the minor in case 72JV-25-488-8, on December 9, 2025. *See In the Matter of N.M.F., a minor*, Case No. 72PR-25-996.

9-19-104(a). An "Indian child" under the ICWA is "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4) (1978). Violations of the ICWA may be properly addressed by federal courts. *Haaland v. Brackeen*, 599 U.S. 255 (2023). Only declaratory relief is available under the ICWA. *Bear v. Wickre*, 2025 WL 868955 (D. South Dakota, March 20, 2025).

Here, Plaintiff's ICWA pleadings are deficient in several respects. Plaintiff simply refers to her "family's Cherokee heritage." (ECF No. 5, p. 11). It is unclear from the pleadings whether she or the children's father(s) is a member of an Indian Tribe and/or whether her biological children have been determined to be members of an Indian tribe and/or are eligible for membership. In an attachment, Plaintiff insufficiently complains that "DHS failed to consider blood relatives first" when making placement decisions and "DHS ignored *possible* ICWA applicability and tribal-notice duties." (Addendum to Complaint, ECF No. 5-1, p. 4) (emphasis added). Neither the Plaintiff's Amended Complaint, the Addendum nor any of 223 pages of Plaintiff's Appendix establish the tribal status of Plaintiff, the children's biological father(s) and/or any of the children.

Section 1911 of the ICWA affords an Indian custodian the right to petition a state court, in the absence of good cause to the contrary, to transfer a foster care or termination of parental rights proceeding to the jurisdiction of the tribe under certain circumstances. 25 U.S.C. § 1911. It is also unclear from Plaintiff's submissions whether she has ever raised the ICWA in either of her state court cases (25 C.F.R. § 107) or ever requested tribal adjudication of these issues. It is similarly unclear who may have either temporary or permanent custody of Plaintiff's children and whether those persons are family members and/or Indian custodians.

Finally, while the undersigned possesses little visibility to state court juvenile proceedings, it appears that in Plaintiff's 2025 case – wherein the Court appointed counsel for Plaintiff and the case is scheduled for a hearing on Tuesday, December 9th – Plaintiff has consented to the proposed guardianship of one of the children. (ECF No. 5, p. 11).

Reviewing the pleadings as generously as permitted, Plaintiff's Amended Complaint simply does not establish any plausible factual basis for this Court to proceed under the ICWA. In so finding, the undersigned observes that nothing prevents Plaintiff from raising alleged violations of the ICWA in state court as the ICWA procedures have been incorporated into Arkansas state law.

With respect to Plaintiff's remaining Section 1983 allegations, even if the Court could properly exercise jurisdiction, it would abstain from doing so pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), as clarified by *Sprint Commc'ns, Inc. v. Jacobs,* 571 U.S. 69 (2013). The Supreme Court has made clear that lower federal courts must decline to hear challenges to pending state actions "involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions*. Id.* s*ee also Moore v. Sims*, 442 U.S. 415, 435 (1979) ("[f]amily relations are a traditional area of state concern.*"); Lewis v. Seventh Cir. Ct. – S.D. Unified Jud. Sys.*, 2018 WL 7247048, at *3 (D.S.D. Nov. 28, 2018) (explaining that domestic relations is "a traditional area of state concern where federal abstention is particularly important."). It is without dispute that the State of Arkansas has an important interest in protecting children from abuse and neglect, and thus, ongoing custody proceedings in Washington County implicate important state interests that this Court will not interrupt. *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 613 (8th Cir. 2018) (holding that on-going state proceeding that might be affected by an action in federal case requires abstention).

## IV. CONCLUSION

For these reasons, it is recommended that Plaintiff's Amended Complaint be **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**Status of Referral:** Entry of this Report and Recommendation terminates the referral.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**RECOMMENDED** this 5th day of December 2025.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE