IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JOANNA NICOLE DUCIC**                                                                                          **PLAINTIFF**

**V.**                              **CASE NO. 5:25-CV-5216**

**ARKANSAS DEPARTMENT OF HUMAN SERVICES, et al.**            **DEFENDANTS**

## ORDER

On December 5, 2025, the Honorable Christy Comstock, United States Magistrate Judge for the Western District of Arkansas, performed an initial screening of Plaintiff's Amended Complaint and issued a Report and Recommendation ("R&R") (Doc. 8). She recommends that the case be dismissed for lack of jurisdiction and failure to state a claim.

The case arises from two separate petitions for emergency custody and dependency-neglect that are currently pending against Plaintiff in the Circuit Court of Washington County, Arkansas: *Arkansas Department of Human Services v. JoAnna Ducic*, Case No. 72JV-23-650, and *Human Services v. JoAnna Ducic and Mason Farris*, Case No. 72JV-25-488-8. The R&R correctly observes that federal courts generally lack jurisdiction over domestic relations matters, including matters of child custody. The R&R also notes that Plaintiff's Indian Child Welfare Act ("ICWA") claim is not plausibly stated—but even if it were, nothing stops Plaintiff from raising this claim in the state proceedings. Finally, the R&R finds that Plaintiff's constitutional claims under 42 U.S.C. § 1983 are not plausibly stated—but even if they were, the Court should abstain from deciding them under *Younger v. Harris*, 401 U.S. 37 (1971), as clarified by *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013).

On December 18, 2025, Plaintiff filed Objections (Doc. 9) to the R&R, which prompted the Court to conduct a *de novo* review of the case. First, Plaintiff argues that federal abstention is inappropriate because the state domestic relations proceedings have been "tainted by bad faith or extraordinary misconduct." *Id.* at p. 3. The Court disagrees. Plaintiff's allegations of bad faith and misconduct have to do with the *merits* of her custody claim, which makes federal abstention wholly appropriate under the circumstances. Plaintiff also asserts that her Section 1983 claims are cognizable and should survive dismissal because they concern past unlawful conduct by state actors, namely, the "unlawful seizure [of her children], denial of due process [in the state custody proceedings], denial of conflict-free counsel [in the custody proceedings], and deprivation of liberty without lawful basis." *Id.* at p. 2. However, the Court does not find that the Amended Complaint states any plausible claims under Section 1983. Even if such claims were stated, abstention would still be appropriate because the claims are inextricably bound with Plaintiff's *pending* custody claims. Next, Plaintiff attaches identity cards to prove that she and her children are registered Native Americans; however, she fails to address the R&R's finding that any ICWA claims Plaintiff could plausibly raise could easily—and more appropriately—be asserted in the state custody action. Lastly, Plaintiff objects to the R&R's failure to address her disability discrimination claims; but in the Court's review of the Amended Complaint, no such claims appear.

**IT IS THEREFORE ORDERED** that the Objections are **OVERRULED**. The R&R is **ADOPTED** in full. Plaintiff's Amended Complaint is **DISMISSED** for lack of jurisdiction and/or for failure to state a claim under 28 U.S.C. § 1915(e)(2); but to the extent any

valid claims are stated, the Court **ABSTAINS** from hearing them in favor of allowing them to proceed in state court. The case is **CLOSED**.

    **IT IS SO ORDERED** on this 30th day of December, 2025.

                                */s/ Timothy L. Brooks*
                                TIMOTHY L. BROOKS
                                CHIEF UNITED STATES DISTRICT JUDGE